**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

GALLIMARD KAMNANG
KAMTCHOUANG,

Petitioner,

v. Action No. 2:26cv954

JEFFREY CRAWFORD,
Farmville Detention Center, et al.,

Respondents.

**UNITED STATES MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

This matter is before the Court on the 28 U.S.C. § 2241 *pro se* petition filed by petitioner Gallimard Kamnang Kamtchouang ("petitioner"), a detainee of United States Immigration and Customs Enforcement ("ICE"), seeking immediate release from custody or a bond hearing. ECF No. 1. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Rule 72 of the Local Rules of the United States District Court for the Eastern District of Virginia. ECF No. 5.

For the reasons discussed below, it is **RECOMMENDED** that the petition for a writ of habeas corpus, ECF No. 1, be **GRANTED in part** and **DENIED in part** and respondents provide petitioner with a standard bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was admitted to the United States in 2009 as a lawful permanent resident. ECF No. 9, at 3. Petitioner was taken into civil immigration custody on April 2, 2026. ECF No. 1, at

5; ECF No. 8-1, at 1. Petitioner submitted a *pro se* petition pursuant to 28 U.S.C. § 2241 on September 11, 2026, while detained at the Farmville Detention Center in Farmville, Virginia. ECF No. 1. Petitioner alleges that he has been unlawfully detained without a bond hearing and seeks immediate release from ICE custody or a bond hearing. *Id.* at 6, 8. Petitioner also filed a motion requesting appointment of counsel. ECF No. 3.

Federal respondents filed a notice on September 17, 2026, conceding that petitioner is detained pursuant to 8 U.S.C. § 1226(a) because he was already admitted to the United States. ECF No. 8, at 1. Respondents assert that, while petitioner is entitled to a bond hearing, he has never requested a hearing "with Immigration and Customs Enforcement or the Executive Office for Immigration Review." *Id.* at 1–2.

## II. ANALYSIS

A federal court may grant habeas relief only on the ground that a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (quoting *Weeks v. Angelone*, 176 F.3d 249, 262 (4th Cir. 1999)). After receiving the petition and any response, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973).

Petitioner argues that he has been denied a bond hearing and he requests release or a "fair bond hearing." ECF No. 1, at 8. Respondents assert that "[i]f [petitioner] were to request [a bond hearing], then he will receive one." ECF No. 8, at 2.

Because petitioner has not had a bond hearing before an immigration judge at which he was considered for discretionary detention, a bond hearing, rather than immediate release, is the appropriate remedy. Respondents are **DIRECTED** to consider petitioner's section 2241 petition seeking a bond hearing or release as petitioner's request for a bond hearing.

## III. RECOMMENDATION

For all these reasons, the Court **RECOMMENDS** that the petition, ECF No. 1, be **GRANTED in part** and respondents provide petitioner with an individualized constitutionally compliant bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a). To the extent that the petition seeks immediate release, the Court **RECOMMENDS** that the petition be **DENIED**. In addition, petitioner's motion for the appointment of counsel to represent him with respect to this federal habeas petition, ECF No. 3, should be **DENIED**.

## IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/ RJK
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
October 15, 2026

**Clerk's Mailing Certificate**

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

Gallimard Kamnang Kamtchouang
A# 060 999 197
ICA-Farmville Detention Center
P.O. Box N
Farmville, VA 23901

Laura Griffin, Clerk

By /s/ J.L. Meyers
Deputy Clerk

October 15, 2026